# UNITED STATES NAVY–MARINE CORPS
# COURT OF CRIMINAL APPEALS

———————————————

### No. 201700188

———————————————

### UNITED STATES OF AMERICA
Appellee

v.

### COREY D. VAUGHTER
Lance Corporal (E-3) U.S. Marine Corps
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Emily A. Jackson-Hall, USMC.
Convening Authority: Commanding Officer, 2d Battalion, 8th
Marine Regiment, 2d Marine Division, Camp Lejeune, NC.
Staff Judge Advocate's Recommendation: Major Winston G.
McMillan, USMC.
For Appellant: Lieutenant Jacqueline M. Leonard, JAGC, USN.
For Appellee: Brian K. Keller, Esq.

———————————————

Decided 26 July 2018

———————————————

Before MARKS,[1] PRICE, and JONES, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent but may be cited as
persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant,
pursuant to his pleas, of one specification of wrongful damage of property and

———————————————

[1] Senior Judge MARKS participated in the decision of this case prior to detaching from the court.

seven specifications of larceny in violation of Articles 109 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 909 and 921. The military judge sentenced the appellant to 345 days' confinement, reduction to paygrade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged. Pursuant to a pretrial agreement (PTA), the CA suspended all confinement in excess of six months.

Although not raised as error, we find that the suspension period of the confinement ordered in the CA's action is inconsistent with the understanding of the parties at trial. We order corrective action in our decretal paragraph. Following this correction, we are convinced that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The sentence limitation portion of the PTA stated execution of all confinement in excess of six months would be suspended for "the period of confinement *adjudged* plus six (6) months thereafter[.]"[2] The plain language of the PTA indicates the suspension period would commence on the day of the CA's action and would run the entire period of confinement adjudged (345 days) plus six months thereafter. However, after announcing sentence, the military judge explained the meaning of this provision as: "all confinement in excess of six months will be suspended for the period of confinement plus six months thereafter . . . . So everything in excess of six months will be suspended for six months after the period that you are released from confinement."[3] The trial counsel, defense counsel, and the appellant all agreed with the military judge's interpretation of the PTA, including the period of suspension.[4]

Consistent with the language of the PTA, the staff judge advocate advised the CA that the PTA required him to "suspend all confinement in excess of six (6) months for the period of confinement *adjudged* plus six (6) months thereafter."[5] In his action, the CA ordered confinement in excess of six months suspended in accordance with the PTA language.

## II. DISCUSSION

The military judge's interpretation, agreed to by the parties, tethered the start date of the final six months of the suspension period to the appellant's release date from confinement (six months from the date sentence was

---

[2] Appellate Exhibit III at ¶ 2 (emphasis added).

[3] Record at 67.

[4] *Id*. at 67-68.

[5] Staff Judge Advocate's Recommendation at ¶ 3.

announced less any confinement credit) instead of the period of confinement adjudged (345 days from the date sentence was announced). Assuming the suspension was not vacated by the CA, this discrepancy results in a difference of at least 165 days in the period of suspension.

To prevent any possible prejudice to the appellant, we will interpret the start date of the final six-month period of suspension as the appellant's release date from confinement, consistent with the military judge's explanation and the understanding of the parties at trial. *See United States v. Casillas*, No. 201300037, 2013 CCA LEXIS 443, at *4-5, unpublished op. (N-M. Ct. Crim. App. 22 May 2013) (per curiam) ("To avoid any possibility of prejudice to the appellant, we will establish the date of trial as the start date for the 12-month suspension period, even though that terminates the suspension period sooner than the parties agreed to under the terms of the PTA.") (citing *United States v. Pereira*, No. 96-01840, 1997 CCA LEXIS 492, at *3 (N-M. Ct. Crim. App. 5 Sep 1997)).

### III. CONCLUSION

The findings and the sentence are affirmed. The supplemental court-martial order shall indicate that all confinement in excess of six (6) months is suspended for the period of "confinement *served*" plus six (6) months thereafter, at which time, unless the suspension is sooner vacated, the suspended part of the sentence will be remitted without further action.

For the Court



R.H. TROIDL
Clerk of Court